T.C. Memo. 2012-188

UNITED STATES TAX COURT

ROBERT E. CLAYTON AND MAI NGUYEN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21565-10.                    Filed July 9, 2012.

Robert E. Clayton and Mai Nguyen, pro sese.

Neal O. Abreu, Kimberly A. Kazda, and Jeremy L. McPherson,

for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  Respondent determined a deficiency of $3,506 in

petitioners' joint Federal income tax for 2008.  The issues for decision are whether

petitioners received and failed to report (1) interest income of $29 from

Countrywide Home Loans, (2) taxable dividends of $19 from Franklin Templeton Investor Services, (3) Social Security benefits of $19,048, and (4) pension income of $19,638 from California Public Employees' Retirement System (CalPERS).[1]

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2008, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Certain facts have been deemed stipulated pursuant to Rule 91(f). The deemed stipulations, with accompanying exhibits, are incorporated herein by this reference. We need find no facts in addition to the facts deemed stipulated. Among the facts deemed stipulated are the following.

At the time of the filing of the petition in this case petitioners[2] resided in Sacramento, California.

---

[1]Respondent has moved to dismiss for lack of prosecution with respect to petitioner Mai Nguyen. She has responded ambiguously to our order for her to respond to respondent's motion. We shall deny respondent's motion and consider her as participating in this case through her husband.

[2]Although the deemed stipulation speaks only of "petitioner" residing in Sacramento, California, we assume on the basis of the address in the petition, signed by both petitioners, that both resided in California.

Petitioners made a joint Federal income tax return on Form 1040, U.S. Individual Income Tax Return, for their 2008 taxable (calendar) year.

They failed to report interest of $29 they received from Countrywide Home Loans.

They failed to report Social Security income of $19,048 they received, of which $12,826 is taxable.

They failed to report taxable dividends of $19 they received from Franklin Templeton Investor Services.

They failed to report retirement income of $19,638 they received from CalPERS.

## Discussion

Section 61(a) provides that gross income includes, among other things, compensation for services, interest, and dividends. Section 86 requires the inclusion in gross income of up to 85% of Social Security benefits received. Those provisions would seem to cover the items that petitioners received and failed to report. Petitioners do not deny the receipt of those items; rather, they allege that the items are not taxable to them. They claim that they are exempt from tax on their income pursuant to section 501(d), providing an exemption from tax for religious and

apostolic organizations. Petitioners have failed to present evidence that they are entitled to tax-exempt status or that they meet the requirements for exemption under section 501(d).

In the petition, petitioners claim that respondent "denied petitioner's claim of Innocent Spouse". See sec. 6015 (Relief From Joint And Several Liability On Joint Return). We assume petitioners were referring to petitioner Mai Nguyen, although they do not say. They aver no facts in support of the claim, nor have they identified any evidence supporting it. Petitioners also failed to address that claim on brief. Therefore, we conclude that petitioners have abandoned that claim and we do not further address it. See Bernstein v. Commissioner, 22 T.C. 1146, 1152 (1954) (holding against the taxpayer with respect to an issue because, among other things, the taxpayer did not press the issue on brief), aff'd per curiam, 230 F.2d 603 (2d Cir. 1956); Lime Cola Co. v. Commissioner, 22 T.C. 593, 606 (1954) ("Petitioners in their brief do not argue anything about * * * [the issue]; and, although they do not expressly abandon the issue * * * we presume they no longer press it.").

## Conclusion

We see no error in respondent's determination of a deficiency of $3,506 in petitioners' joint Federal income tax for 2008.  For that reason:

<u>An appropriate order and</u>

<u>decision will be entered for</u>

<u>respondent</u>.